UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-24255-ALTMAN

**DANIEL LOPEZ**,

    *Plaintiff,*

v.

**FAIRWINDS SB LLC**, *et al.*,

    *Defendants.*
_____/

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

In this case brought under the Americans with Disabilities Act ("ADA"), our Plaintiff, Daniel Lopez, accuses the Defendants of operating a restaurant in Miami Beach, Florida, that contains "several barriers to access" which "endanger the safety of Plaintiff and all other individuals with disabilities" and "deny Plaintiff and others with disabilities equal access" to the premises. Complaint [ECF No. 1] ¶¶ 12–13. Lopez seeks injunctive relief against the Defendants under 42 U.S.C. § 12188(a) and reasonable attorney's fees and costs. *See id.* ¶¶ 28–29.

Lopez served all four Defendants. *See* Executed Summons for 37 East 12th St. Fairwinds LLC [ECF No. 9]; Executed Summons for MLB Fairwinds LLC [ECF No. 10]; Executed Summons for KRR South Beach LLC [ECF No. 18]; Executed Summons for Fairwinds SB LLC [ECF No. 20]. Our review of the record indicates that none of the Defendants appeared, answered, or otherwise responded to the Plaintiff's Complaint. *See generally* Docket. So, on January 16, 2025, the Clerk of Court entered default against the Defendants. *See* Clerk's Entry of Default [ECF No. 23]. Lopez moved for default judgment on January 30, 2025. *See* Motion for Default Judgment [ECF No. 25]. The time to respond to Lopez's Motion has long passed, but none of the Defendants have responded or even appeared in this case. Accordingly, after careful review, we now **GRANT** the Motion.

## THE LAW

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a final judgment against any party who has failed to respond to the complaint. But "a defendant's default does not itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default."); *Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 722 (11th Cir. 2016) ("Because the allegation in [the] complaint— admitting as true—established Defendants' liability . . . , default judgment was appropriate."). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

Rule 55(b)(2) also provides that a court may conduct hearings or make referrals "when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Despite the Rule's permissive language, a "judgment of default awarding cash damages [can]not properly be entered 'without a hearing unless the amount claim is a liquidated sum or one capable of mathematical calculation.'" *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (quoting *Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Damages may be awarded "only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at 1544 (cleaned up).

## ANALYSIS

To ensure that Lopez is entitled to a default judgment in his favor, our Order will go through a five-part analysis. We'll begin by ensuring that subject-matter jurisdiction, personal jurisdiction, and venue is proper. Then, we'll discuss if Lopez has standing to bring his claim under the ADA. Next, we'll determine if Lopez's Complaint states a valid claim under the ADA. After that, we'll consider

2

what injunctive relief (if any) is appropriate. Finally, we'll calculate the reasonable fees and costs Lopez's counsel is entitled to.

### I. Jurisdiction and Standing

*First*, we conclude that we have subject-matter jurisdiction, that we have personal jurisdiction over the Defendants, and that venue is appropriate in this judicial district. We have "original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343" because Lopez's sole claim is brought under "Title III of the ADA[.]" Complaint ¶ 1; *see also Bartush v. Nortwest Airlines, Inc.*, 918 F. Supp. 379, 380 (M.D. Fla. 1996) (Kovachevich, J.) ("This action arises under the ADA, a law of the United States; therefore, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331."). Three of the four Defendants are LLCs that "are the co-owners and/or co-operators/co-managers of the real property located on or about 1000 Collins Ave, Miami Beach, FL 33139" (the "Premises"). Complaint ¶ 7. And the fourth Defendant, MLB Fairwinds LLC, "occupies the [Premises] as a restaurant known as 'SOLA.'" *Id.* ¶ 9. All four Defendants are "authorized to and [do] transact business in the State of Florida[.]" *Id.* ¶¶ 4–6, 8. Since all the Defendants either own property or "transact business" within the Southern District of Florida, we can exercise personal jurisdiction over them. *See* FLA. STAT. § 48.193(1)(a)(1) (authorizing long-arm jurisdiction over those "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state"); *id.* § 48.193(1)(a)(3) (same, but for those "[o]wning, using, possessing, or holding a mortgage or other lien on any real property within this state"). Finally, this judicial district is the appropriate venue since "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Florida. 28 U.S.C. § 1391(b)(2). We thus conclude that this action is properly before us.

*Second*, Lopez has standing to advance a claim under the ADA. To demonstrate standing under Article III, the plaintiff "must show that he has suffered an 'injury-in-fact[,]'" that there is "a causal connection between the injury-in-fact and the challenged action of the defendant[,]" and that "the

3

injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). Since Lopez "seeks injunctive relief, which is the only form of relief available to plaintiffs suing under Title III of the ADA[,]" he must also show "a real and immediate threat of future injury" if an injunction is not granted. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013). The Eleventh Circuit has approved of a four-factor test to determine if an ADA plaintiff "faces a real and immediate threat of future injury": "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Id.* at 1337 n.6; *see also Gomez v. Miami Int'l Univ. of Art & Design, Inc.*, 2022 WL 1773883, at *2 (S.D. Fla. June 1, 2022) (Scola, J.) (same).

Lopez alleges that he was "denied access" to the Premises and this caused him "undue frustration and social embarrassment[.]" Complaint ¶¶ 12–13. Being "prevented from accessing the [p]roperty" due to "discriminatory barriers" easily satisfies the causation and redressability elements of standing. *Kennedy v. Beachside Com. Props., LLC*, 2017 WL 4243584, at *2 (M.D. Fla. Sept. 25, 2017) (Dalton, J.), *aff'd*, 732 F. App'x 817 (11th Cir. 2018). We also find that Lopez has demonstrated an "injury-in-fact" based on a real and immediate threat of future harm. Lopez submitted a sworn affidavit attesting that he "visited the subject property" in the past, that he "intend[s] to visit the subject property within the next thirty (30) days[,]" and that the Premises "is located approximately 0.2 miles from my domicile and is an area that I am frequently in." Plaintiff's Affidavit [ECF No. 8] ¶¶ 2–4. These allegations easily satisfy all four of the *Houston* elements: Lopez resides a mere 0.2 miles from the Premises, he previously visited the Premises, he has definite plans to visit the Premises in the future, and he frequently travels near the Premises because of its proximity to his domicile. *Cf. Houston*, 733 F.3d at 1336 (finding "threat of future injury" where the plaintiff "visited this particular supermarket twice and encounter the alleged architectural barriers during each visit" even though there

4

was a "30.5 mile distance between [the plaintiff's] residence and the Presidente Supermarket"); *see also Taylor v. Wing It Two, Inc.*, 2013 WL 3778315, at *3 (S.D. Fla. July 19, 2013) (Cohn, J.) ("[I]n this matter, Plaintiff has alleged that he lives 'in the vicinity' of the subject property, has visited it before, and intends to do so again in the next six months. Accordingly, the Court concludes that Plaintiff has sufficiently alleged a likelihood of future harm."). Accordingly, we find that Lopez has standing to bring his ADA claim against the Defendants.

## II.     The Merits

*Third*, Lopez's Complaint sufficient states a claim under Title III of the ADA. Title III of the ADA provides that no individual "shall be discriminated against on the basis of disability in the full and equal enjoyment of . . . any place of public accommodation[.]" *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (quoting 42 U.S.C. § 12182(a)). To allege Title III ADA discrimination, the plaintiff must show that: "(1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011).

The Complaint properly pleads all three elements. *One*, Lopez is a "a bilateral amputee, above the knee, due to surgery" so he must "ambulate in a wheelchair." Complaint ¶ 1. Since Lopez "uses a wheelchair to ambulate, and is substantially limited in performing the major life activity of walking[,]" he qualifies as a disabled individual under the ADA. *Lugo v. 141 NW 20th St. Holdings, LLC*, 878 F. Supp. 2d 1291, 1294 (S.D. Fla. 2012) (Marra, J.) (citing 42 U.S.C. § 12102(2)(A)). *Two*, Lopez alleges that the Defendants collectively own and operate a restaurant—a quintessential public accommodation—on the Premises. *See* 42 U.S.C. § 12181(7)(B) ("The following private entities are considered public accommodations for purposes of this subchapter . . . a restaurant, bar, or other establishment serving food or drink[.]"). *Three*, Lopez avers that the Defendants have discriminated

5

against him because there are "unlawful physical barriers" and "dangerous conditions" which preclude him from the "full and equal enjoyment" of the Premises. Complaint ¶ 16; *see also Rendon*, 294 F.3d at 1283 ("A reading of the plain and unambiguous statutory language at issue reveals that the definition of discrimination provided in Title III covers . . . tangible barriers, that is, physical and architectural barriers that would prevent a disabled person from entering an accommodation's facilities and accessing its goods, services and privileges[.]" (citing 42 U.S.C. § 12182(b)(2)(A)(iv)). We thus find that Lopez's Complaint states a claim under Title III of the ADA.

*Fourth*, Lopez is entitled to the injunctive relief he seeks. To issue a permanent injunction under the ADA, "the Court must apply the same factors as it would in any other case in which a plaintiff sought a permanent injunction." *Wilson v. Broward Cnty., Fla.*, 2008 WL 708180, at *1 (S.D. Fla. Mar. 14, 2008) (Marra, J.) (citing *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 151 (1st Cir. 1998)). Accordingly, Lopez must demonstrate that: "(1) [he] has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not disserved by a permanent injunction." *AcryliCon USA, LLC v. Silikal GMBH & Co.*, 46 F.4th 1317, 1327 (11th Cir. 2022) (cleaned up). We find that all four factors strongly weigh in favor of a permanent injunction.

To begin, Lopez has suffered an irreparable injury. As previously discussed, Lopez he demonstrated was injured in the past (and will suffer future injuries absent an injunction) because the Premises has "barriers" that "deny Plaintiff and others with disabilities equal access" to the Premises. Complaint ¶ 13; *see also ante*, at 4–5. To illustrate the numerosity of these barriers, Lopez's Complaint alleges that the Premises violates the ADA and the ADA's Accessibility Guidelines (as codified at 28 C.F.R. Part 36) by having: (1) "inaccessible dining tables located at [the] exterior sidewalk dining area"; (2) an "inaccessible bar"; (3) four lavatories that are "inaccessible"; (4) a non-accessible "route to [the]

6

men's restroom"; (5) a "non-compliant door swing at [the] men's restroom"; (6) the water closet, coat hook, and paper towel dispenser in the men's restroom is inaccessible; (7) "the first of two toilet compartments located in [the] women's restroom is inaccessible"; (8) the water closet, flush control at the water closet, and the paper towel dispenser in the women's restroom is inaccessible. Complaint ¶ 16.[1] And, not content to rest on his own allegations, Lopez hired an ADA Accessibility Consultant to inspect the premises and prepare a report that corroborates the existence of these violations. *See* Accessibility Inspection Report [ECF No. 25-4] at 1–63. The first permanent injunction element is satisfied.

The second, third, and fourth permanent injunction elements have also been met. Since Title III "provides only declaratory relief . . . to private litigants who file suit," there is no other remedy at law that will redress Lopez's injuries. *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1225 (M.D. Fla. 2012) (Dalton, J.). The "balance of hardships" weighs in favor of Lopez since the "removal of the physical barriers, dangerous conditions, and ADA violations set forth [in the Complaint] is readily achievable and can be accomplished and carried out without much difficulty or expense[.]" Complaint ¶ 19; *see also Hoewischer*, 877 F. Supp. 2d at 1225 ("Plaintiff's assertions . . . provide a sufficient basis to find Plaintiff has adequately stated a claim relating to the 'readily achievable' prong when considering the ability to remove architectural barriers from a defendant's property."). Finally, a permanent injunction would *serve* the public interest in "upholding the law and having the mandates of the ADA . . . enforced[.]" *Haddad v. Arnold*, 784 F. Supp. 2d 1284, 1308 (M.D. Fla. 2010) (Howard, J.) (cleaned up); *see also Doe v. Jud. Nominating Comm'n for Fifteenth Jud. Cir. of Fla.*, 906 F. Supp. 1534,

---

[1] A male plaintiff, like Lopez, has standing to challenge ADA violations within a women's restroom (and vice versa). *See Kennedy v. Nick Corcokius Enters., Inc.*, 2015 WL 9016622, at *2 (S.D. Fla. Dec. 16, 2015) (Rosenberg, J.) ("Defendant argues that even if the Court finds that Plaintiff has standing under the ADA to bring claims regarding the restaurant's common areas and women's restroom, she does not have standing to bring claims regarding the men's restroom—particularly the height of the men's urinal. The Court disagrees. The Court can envision a scenario in which the women's restroom becomes inoperable thus requiring Plaintiff to use the men's restroom." (cleaned up)).

1545 (S.D. Fla. 1995) (Hurley, J.) ("[T]he public interest requires that discrimination against the disabled not be tolerated."). Since all four injunction factors weigh in his favor, Lopez is entitled to a permanent injunction against the Defendants to correct the ADA violations.

### III.  Attorney's Fees and Costs

*Fifth*, we find that Lopez's attorney's fees request is reasonable but that the costs requested must be moderately reduced. The ADA allows the prevailing party to recover "a reasonable attorney's fee, including litigation expenses, and costs[.]" 42 U.S.C. § 12205. "The party seeking attorney's fees bears the burden of establishing entitlement and reasonableness. The movant must supply the Court with detailed records showing the amount of time spent on the claim, as well as the nature of the activity at each stage of the case." *Sec. & Exch. Comm'n v. BK Coin Mgmt., LLC*, 2024 WL 4697686, at *2 (S.D. Fla. Oct. 22, 2024) (Goodman, Mag. J.) (first citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); and then citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)), *report and recommendation adopted*, 2024 WL 4692191 (S.D. Fla. Nov. 6, 2024) (Scola, J.). Federal courts use the "lodestar method" to "determin[e] a reasonable fee award." *Id.* at *3. This method requires us "to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433). The prevailing party may also recover "the costs set forth in 28 U.S.C. § 1920" and "expert fees as a litigation expense." *Pinero v. Jorge Alberto Alvarez Revocable Living Tr.*, 2024 WL 264150, at *4 (S.D. Fla. Jan. 8, 2024) (Becerra, Mag. J.) (quoting *Buchholz v. Sai Saffron 180 LLC*, 2019 WL 5617927, at *4 (S.D. Fla. Oct. 31, 2019) (Bloom, J.)).

Lopez's counsel wants us to award her $5,417.00 in attorney's fees. *See* Motion for Default Judgment at 25. This is a reasonable request. The $5,417.00 in attorney's fees is comprised of 9.9 hours of work billed at $455.00 per hour for Lauren N. Wassenberg, Esq., and 7.3 hours of work by "paralegals and assistants" billed at $125.00 per hour. *Ibid.*; *see also* Itemized Log of Fees and Costs

8

[ECF No. 25-1] at 1–18. The hours expended by Lopez's counsel and her legal assistants (a total of 17.2 hours) is reasonable considering that the case ended in a default judgment. *Cf. Fernandez v. Elevate Ent. Grp. LLC*, 2024 WL 5152159, at *11 (S.D. Fla. Dec. 17, 2024) (Middlebrooks, J.) (finding "13.6 combined hours of attorney time" for an ADA case ending in a default judgment to be reasonable); *Fernandez v. GS Aventura LLC*, 2024 WL 1044972, at *8 (S.D. Fla. Mar. 7, 2024) (Bloom, J.) (same for "14.3 combined hours"). Counsel's hourly rates are also reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The rates for both counsel and her "paralegals and assistants"—$455.00 and $125.00, respectively—are well within the prevailing market rate of this District. *See Elevate Ent.*, 2024 WL 5152159, at *10 (citing five cases for proposition that "[t]he reasonableness of a $450.00 hourly rate is supported by other Southern District of Florida ADA decisions"); *Buchholz*, 2019 WL 5617927, at *3 ("The hourly rate[ ] for the . . . paralegal ($125) [is] not excessive."). Counsel's request passes muster on the lodestar method, so we'll award her the full $5,417.00 in attorney's fees since it is based on "hours reasonably expended [at] a reasonable hourly rate." *Loranger*, 10 F.3d at 781.

      Lopez's counsel is also entitled to $1,535.00 in costs—which is $630.00 less than what she requests in her Motion for Default Judgment. Lopez's ideal sum of $2,165.00 is comprised of $405.00 in filing fees, $430.00 in service fees, $80.00 in postage, and $1,250.00 to pay for Lopez's ADA Consultant. *See* Motion for Default Judgment at 33. Lopez's counsel is entitled, as a matter of law, to both the $405.00 filing fee and the $430.00 in "private process server fees," so we will award those $835.00 in costs without further comment. *Kennedy v. Fountains of Boynton Assocs., Ltd.*, 2017 WL 5957662, at *4 (S.D. Fla. Nov. 6, 2017) (Matthewman, Mag. J.) (first citing 28 U.S.C. § 1920; and then citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)), *report and recommendation adopted*, 2017 WL 5956871 (S.D. Fla. Nov. 29, 2017) (Marra, J.).

Conversely, we find that Lopez's counsel is not entitled to postage costs. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) ("Plaintiff's affidavits appear to include costs such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees, which are clearly nonrecoverable."). Although "courts in this District have awarded a prevailing plaintiff [postage costs] in [ ] ADA case[s]," that courtesy has only been extended "where the postage expenses were *minimal*." *Caplan v. K&K Tires Shop Inc.*, 2023 WL 5531884, at *3 (S.D. Fla. Jan. 25, 2023) (Louis, Mag. J.) (emphasis added), *report and recommendation adopted*, 2023 WL 5529474 (S.D. Fla. Aug. 28, 2023) (Moore, J.). Lopez's request for $80.00 in postage costs goes beyond what this Court views as "minimal" expenses. *See ibid.* (finding "$4.40 in postage costs" and "$1.92 in postage costs" to be minimal).

Finally, while we agree that Lopez is entitled to "recover expert fees as a litigation expense[,]" *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (Seltzer, Mag. J.), we don't believe he's entitled to the full $1,250.00. Lopez's ADA Consultant submitted a barebones invoice for a $1,250.00 fee based on "an on-site A.D.A. Accessibility inspection" and the submission of "a draft report containing discretions and photos of existing violations of [the ADA]." ADA Consultant Invoice [ECF No. 25-2] at 1. The invoice does not list the ADA Consultant's hourly rate or how many hours he expended on this case. *See ibid.* Under these circumstances, we'll award only $700.00 in expert fees as opposed to the $1,250.00 requested. *See Cohan v. Baby Marathon, LLC*, 2020 WL 6731041, at *5 (S.D. Fla. Oct. 27, 2020) (Valle, Mag. J.) ("Where a party fails to sufficiently support the requested expert fees, courts have either denied expert fees altogether or reduced the fees by a percentage."), *report and recommendation adopted*, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020) (Williams, J.); *see also, e.g.*, *Spence v. Antojitos Mexicanos #1 Inc.*, 2022 WL 4465392, at *5 (S.D. Fla. Sept. 24, 2022) (Ruiz, J.) ("As part of his investigative costs in this case, Plaintiff requests the Court award $1,400 for his ADA Consultant fee. Yet, Plaintiff's counsel's Motion is severely deficient in explaining what services the

10

consultant rendered, how those services supported this litigation, and what the hourly rate for those services was. Moreover, Plaintiff's counsel has not established that his consultant's services were necessary nor that the fee was reasonable . . . . Given this lack of evidentiary support, the Court will only award Plaintiff's counsel half of his requested ADA Consultant fee—$700.").

In sum, we find that Lopez's counsel is entitled to $5,417.00 in attorney's fees and $1,535.00 in costs for a total award of **$6,952.00**.

## CONCLUSION

Accordingly, we hereby **ORDER** and **ADJUDGE** that the Plaintiff's Motion for Default Judgment [ECF No. 25] is **GRANTED**. Pursuant to FED. R. CIV. P. 58, final judgment will be entered separately. The case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on February 21, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record